PHILIP LEVINE & others[1] *vs.* TUCKER, ANTHONY & R.L. DAY, INC. July 3, 1985. *Consumer Protection Act*, Securities transactions.

The plaintiffs brought this action in the Superior Court seeking damages for losses they suffered when shares of stock they purchased from the defendant's

---

[1] William Joyce, Edna Moy, and Stephen Shatkin.

predecessor in interest[2] became worthless. The complaint alleges that the defendant assumed the predecessor's liabilities and that the predecessor had engaged in unfair and deceptive practices in connection with the sale of the stock in violation of G. L. c. 93A, § 2 (1984 ed.). The defendant filed a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), together with an affidavit and a copy of a customer agreement between the plaintiff Levine and the defendant. The motion was grounded, in part, on the claim that G. L. c. 93A, "the sole basis for the Complaint, is not applicable to transactions involving the sale of securities." After a hearing, a judge of the Superior Court allowed the defendant's motion on the ground that each plaintiff had signed a customer agreement providing that New York law would govern the agreement.[3] The plaintiffs appealed to the Appeals Court, and we transferred the case to this court on our own motion.

We need not decide whether this controversy is govened by New York law and, for that reason, is unaffected by G. L. c. 93A. In any event, the judge properly dismissed the complaint. After this case had been orally argued, we responded to a question certified to us by the United States District Court for the District of Massachusetts pursuant to S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981), by declaring that G. L. c. 93A does not apply to securities transactions. *Cabot Corp.* v. *Baddour,* 394 Mass. 720 (1985). That response, to which we adhere, determines the present action.

*Judgment affirmed.*

*Martin Himmelfarb* for the plaintiffs.
*John Kenneth Felter (Paul E. Nemser* with him) for the defendant.

---

[2] Tucker, Anthony, & R. L. Day, a partnership.

[3] Rule 12 (b) (6) of Mass. R. Civ. P., 365 Mass. 754 (1974), provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." The parties raise no question about the judge's treating the motion as a rule 12 (b) (6) motion despite his consideration of the affidavit and customer agreement. Nothing turns on that procedural matter.